UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal Case No. |
| Plaintiff/Respondent, | ) | 5:17-cr-078-JMH-HAI |
| | ) | |
| v. | ) | Civil Case No. |
| | ) | 5:18-cv-461-JMH-HAI |
| KEVIN JAMES MOSES, | ) | |
| | ) | **MEMORANDUM OPINION** |
| Defendant/Petitioner. | ) | **& ORDER** |
| | ) | |

\*\*\*

This matter is before the Court on the Report and Recommendation of Magistrate Judge Hanly A. Ingram. [DE 42]. Federal prisoner Kevin James Moses, proceeding pro se, filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody. [DE 39]. A Magistrate Judge Hanly A. Ingram conducted a preliminary review of Moses's claims and recommended that Moses's motion be dismissed upon initial review. [DE 42].

Having considered the matter de novo, the Court adopts Magistrate Judge Ingram's recommendation as its own because the four-level sentencing enhancement pursuant to U.S.S.G. § 2K2.1(b)(6)(B) was properly applied in this case and Moses has failed to demonstrate that his counsel was ineffective or that his guilty plea was not entered knowingly and voluntarily.

1

## I. Procedural and Factual Background

Moses does not object to the factual and procedural background outlined in Magistrate Judge Ingram's recommendation.

## II. Standard of Review

"To prevail on a motion under § 2255, a [petitioner] must prove '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'" *Goward v. United States*, 569 F. App'x 408, 412 (6th Cir. 2014) (quoting *McPhearson v. United States*, 675 F.3d 553, 559 (6th Cir. 2012)).

A habeas petitioner may object to a magistrate judge's report and recommendation. Fed. R. Civ. P. 72(b)(2). If the petitioner objects, "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1). "Only those specific objections to the magistrate's report made to the district court will be preserved for appellate review." *Carson v. Hudson*, 421 F. App'x 560, 563 (6th Cir. 2011) (quoting *Souter v. Jones*, 395 F.3d 577, 585–86 (6th Cir. 2005)).

## III. Analysis

On August 28, 2017, Moses pleaded guilty to possession with intent to distribute cocaine and possession of a firearm by a convicted felon. [DE 24; DE 27]. Here, Moses presents two

2

interrelated grounds for habeas relief. First, Moses claims that counsel was ineffective for failing to object to the firearm enhancement. Second, Moses argues that his plea was not knowing and voluntary and that counsel was ineffective for advising him to accept a plea agreement containing the enhancement.

Ultimately, Moses acknowledges that "[t]his case turns on whether the four-level enhancement prescribed by U.S.S.G. § 2K2.1(b)(6)(B) applies[.]" [DE 39-3 at 9, Page ID # 150]. In sum, because the 2K2.1(b)(6)(B) enhancement does apply to this case, Moses's counsel was not ineffective and his plea was knowing and voluntary.

**A. Application of the Firearm-in-Connection Enhancement**

The United States Sentencing Guidelines provide for a four-level sentencing enhancement where "the defendant . . . used or possessed any firearm or ammunition in connection with another felony offense; or possessed or transferred any firearm or ammunition with knowledge, intent, or reason to believe that it would be used or possessed in connection with another felony offense[.]" U.S.S.G. § 2K2.1(b)(6)(B).

Application notes that accompany the Sentencing Guidelines state that the firearm-in-connection enhancement "appl[ies] if the firearm or ammunition facilitated, or had the potential of facilitating, another felony offense or another offense." U.S.S.G. § 2K2.1(b)(6)(B), application note 14(A). A review of

the facts indicates that the handgun in the residence facilitated, or at least had the potential to facilitate, Moses in trafficking illegal narcotics, a felony offense.

Additionally, the application notes also state that subsection (b)(6)(B) applies "in the case of a drug trafficking offense in which a firearm is found in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia." *Id.* at application note 14(B). The Sixth Circuit has elaborated on the firearm-in-connection enhancement, stating that "the § 2K2.1(b)(6)(B) enhancement applies whenever a firearm is found in close proximity to drugs, drug-manufacturing materials, or drug paraphernalia . . . *such an expansive interpretation [ ] does not require that the gun be used by a dealer to sell drugs*." *United States v. Sanders*, 708 F. App'x 868, 869 (emphasis added) (6th Cir. 2018) (quoting *United States v. Sweet*, 776 F.3d 447, 450 (6th Cir. 2015)).

Here, Moses acknowledges that he engaged in drug trafficking. [DE 39-3 at 15, Page Id # 156]. Additionally, Moses acknowledges that there was a 9mm handgun recovered in his residence. [DE 39-3 at 11, 13-15, Page ID # 152, 154-56]. Still, Moses argues that there is an insufficient nexus between the firearm found in his residence and the felony offense of drug trafficking because he claims he never sold drugs out of the residence where the handgun was located. [*See id.* at 13-15, Page Id # 154-56].

4

But here, the fact that Moses did not traffic drugs out of the residence where the handgun was found does not prove that the firearm-in-connection enhancement does not apply. As the Magistrate Judge correctly observed, the dispositive question here is not whether Moses sold drugs out of the residence where the handgun was found, but rather whether the handgun in the residence helped facilitate drug trafficking.

Moses is correct that close proximity alone or "possession of firearms that is merely coincidental to the underlying offense is insufficient to support the application of § 2K2.1." *United States v. Taylor*, 646 F.3d 417, 432 (6th Cir. 2011) (alterations omitted) (quoting *United States v. Ennenga*, 263 F.3d 499, 503 (6th Cir. 2001)). Still, according to the fortress theory, "a sufficient connection is established if it reasonably appears that the firearms found on the premises controlled or owned by a defendant and in his actual or constructive possession are to be used to *protect the drugs or otherwise facilitate a drug transaction*." *Id.* (emphasis added) (quoting *United States v. Angel*, 576 F.3d 318, 321 (6th Cir. 2009)).

Here, there is a sufficient proximity between the firearm and the drug trafficking activity to justify the firearm-in-connection enhancement. During a search of Moses's residence, agents found the following items in the master bedroom: a Beretta model 92FS 9mm pistol with a magazine under the dresser, an additional

5

magazine for the pistol under the mattress, and fourteen 9mm bullets, some of which were found in the firearm and some in a tub in the closet. [DE 39-6 at 6-7, Page ID # 179-80]. In addition to the loaded pistol, the following items were also located in Moses's master bedroom: one baggie of suspected cocaine in a plastic shelf drawer, one baggie of suspected marijuana in the closet, and nineteen vacuum-sealed plastic bags containing suspected marijuana on the floor. [Id. at 2-3, Page ID # 175-76]. Finally, during the search the following items were located in a utility room in the basement of the residence: two baggies of suspected cocaine, five vacuum-sealed plastic bags with suspected marijuana, two digital scales, and a Ziplock vacuum and sealer. [Id. at 2-5, Page ID # 175-78].

First, the proximity of the firearm to drugs and drug paraphernalia is a factor that supports the enhancement. Here, the pistol was found in the same room as one baggie of suspected cocaine, a bag of suspected marijuana, and nineteen vacuum-sealed bags of suspected marijuana. Furthermore, drugs and drug paraphernalia were located in the utility room in the basement of the residence where the firearm was found. Thus, Moses's contention that "there's no mention of drugs even being close to the firearm" is not supported by the record evidence. Agents searching the home indicated that they located the firearm in the

6

master bedroom along with drugs and bags of cocaine and marijuana, supporting the application of the § 2K2.1(b)(6)(B) enhancement.

Second, Moses advances home protection as an innocent reason for having the firearm but this does not conclusively demonstrate that the firearm was not also used to facilitate drug trafficking activity. Moses stated that he had the pistol as a result of attempted break-ins and incidents near his residence. [*See* DE 39-3 at 13, Page ID # 154; DE 39-1 at 1, Page ID # 138]. But this advanced innocent explanation is not mutually exclusive of the drug trafficking activity. It is possible that the pistol was used for personal protection and to protect the drugs and drug paraphernalia that were located in the residence.

Lastly, the fact that the firearm was loaded and located in a concealed location in the master bedroom support the application of the firearm-in-connection enhancement. Here, the agents indicated, and Moses acknowledges, that the pistol was loaded. [DE 39-6 at 7, Page ID # 180; DE 39-3 at 5-6, Page Id # 146-47]. Thus, Moses had easy access to the concealed and loaded firearm in his master bedroom, which would help him protect the drugs and drug paraphernalia in his residence.

Ultimately, Moses admission that he was engaged in drug trafficking activity, paired with the loaded 9mm pistol that was found in close proximity to drugs and drug paraphernalia, indicate that the firearm-in-connection enhancement was properly applied

7

here. Even if Moses never sold drugs at his residence or carried the firearm during an off-site drug transaction, the pistol still served to protect the drugs stored at his residence, facilitating Moses's drug trafficking activity. As a result, the firearm-in-connection enhancement pursuant to U.S.S.G. § 2K2.1(b)(6)(B) was properly applied in this case.

**B. Ineffective Assistance of Counsel**

An ineffective assistance of counsel claim under *Strickland* requires that a prisoner show (1) that his "counsel's performance was deficient measured by reference to 'an objective standard of reasonableness'" and (2) "resulting prejudice, which exists where 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different.'" *United States v. Coleman*, 835 F.3d 606, 612 (6th Cir. 2016) (quoting *Strickland v. Washington*, 466 U.S. 668, 688, 694 (1984)).

Here, because the firearm-in-connection enhancement was properly applied, Moses's counsel had no legal basis upon which to object to the enhancement. As a result, Moses's counsel was not ineffective for failure to object to the application of the § 2K2.1(b)(6)(B) enhancement.

Still, Moses asserts that his counsel was ineffective for encouraging him to accept a plea agreement containing the firearm-in-connection enhancement so that he did not get charged with a

violation of 18 U.S.C. § 924(c)(1)(A), possessing a firearm in furtherance of a drug trafficking crime. [De 39-3 at 18, Page Id # 159]. Moses contends that "the record does not support a violation of § 924(c)(1)." [*Id.*].

But while Moses was never charged with a violation under § 924(c)(1)(A), the record certainly reflects that he could have been. As has been discussed, drugs and drug paraphernalia were found in the residence, in fact some in the same room, as a 9mm pistol. The firearm certainly helped protect, or at least had the ability to protect, the drugs that were in the residence.

Of course, that is not to say that if Moses had been charged with a violation of § 924(c)(1)(A) that he would have been convicted. Still, a conviction under § 924(c)(1)(A) would have carried a mandatory consecutive term of imprisonment of at least five years. 18 U.S.C. § 924(a)(1)(A)(i).

Here, the strategic decision Moses's attorney made, to have him accept the firearm-in-connection enhancement in lieu of a charge under § 924(c)(1)(A), likely prevented Moses from having to serve an additional five-year term of imprisonment. Ultimately, "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Strickland v. Washington*, 466 U.S. 668, 690-91 (1984). The bottom line is that Moses's attorney made a reasonable strategic decision when encouraging him to accept a plea agreement

with the government and, as a result, there is no basis for finding ineffective assistance of counsel arising out of the plea agreement.

**C. Validity of the Plea Agreement**

Moses is correct that a valid guilty plea must be entered knowingly, voluntarily, and intelligently by the defendant. *See, e.g.*, *Brady v. United States*, 397 U.S. 742, 748 (1970); *Boykin v. Alabama*, 395 U.S. 238, 241-44 (1969); *United States v. Webb*, 403 F.3d 373, 378 (6th Cir. 2005). Federal Rule of Criminal Procedure 11 governs plea colloquies and requires the Court to verify "that the defendant understands his or her applicable constitutional rights, the nature of the crime charged, the consequences of the guilty plea, and the factual basis for concluding that the defendant committed the crime charged." *Webb*, 403 F.3d at 378-79.

But here, Moses's challenge to the validity of the guilty plea is based solely on Moses's contention that the § 2K2.1(b)(6)(B) enhancement was improperly applied in this case. [See DE 39-3 at 18-19, Page ID # 159-60]. Moses indicates that he discussed the four-level enhancement, and the potential consequences of not accepting it, with his attorneys prior to entering a guilty plea. [Id. at 17-18, Page ID # 158-59]. Moses does not challenge his guilty plea based on any Rule 11 defect but seems to simply have buyer's remorse. But Moses is not entitled

to a second bite at the apple just because he did not achieve the outcome he had hoped. Ultimately, the firearm-in-connection enhancement was properly applied and there is no indication that Moses's guilty plea was not entered knowingly, intelligently, and voluntarily. As a result, there are no apparent errors with Moses's sentence and his § 2255 challenge must fail.

**D. Evidentiary Hearing**

Section 2255 requires that a district court hold an evidentiary hearing to determine the issues and make findings of fact and conclusions of law "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b); *see also Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999). Here, because the record refutes Moses's factual allegations and conclusively shows that Moses is not entitled to habeas relief, the Court will not hold an evidentiary hearing. *See Arredondo*, 178 F.3d at 782.

**E. Certificate of Appealability**

Finally, "[a] certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing for constitutional claims rejected on the merits, a Defendant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also*

11

*Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003). The "question is the debatability of the underlying constitutional claim, not the resolution of that debate." *Miller-El*, 537 U.S. at 342.

In this case, the Court had considered the issuance of a certificate of appealability as to each of Moses's claims. Ultimately, no reasonable jurist would find the assessments on the merits debatable or wrong. As a result, no certificate of appealability shall issue.

## IV. Conclusion

Here, the firearm-in-connection enhancement was properly applied and, as a result, Moses cannot demonstrate that counsel was ineffective or that his guilty plea is invalid. "[T]he motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Because "it plainly appears . . . that the moving party is not entitled to relief, the [Court] must dismiss the motion." Rules Governing Section 2255 Proceedings, Rule 4.

Accordingly, **IT IS ORDERED** as follows:

(1) Magistrate Judge Ingram's recommended disposition of Moses's motion to vacate sentence under 28 U.S.C. § 2255 [DE 42] is **ACCEPTED** and **ADOPTED** in its entirety;

(2) Moses's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 [DE 39] is **DENIED**;

(3) Moses's request for an evidentiary hearing is **DENIED**;

(4) Moses's request for a certificate of appealability is **DENIED**;

(5) This action is **DISMISSED** and **STRICKEN** from the Court's active docket; and

(6) Judgment shall be entered contemporaneously with the Memorandum Opinion and Order.

This the 14th day of November, 2018.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge